The Honorable Reid Holiman State Senator P.O. Box 146 Lowell, AR 72745
Dear Senator Holiman:
This is in response to your request for an opinion on the following two questions regarding the Deferred Retirement Action Plan ("DROP") for police officers and fire fighters, passed in Acts 757 and 1004 of 1993:
 (1) Can a local police pension board pass a resolution requiring anyone electing the "DROP" plan to retire from the current plan after 20 years of service or at their first eligibility date and then require them to work an additional five years with a contract being executed stating that if they do not meet this contingency, that they will not be eligible for "DROP" benefits and will only receive back the money they paid in themselves during the "DROP" period?
 (2) Can a local fire department pension review board allow people to sign up for the "DROP" plan and later rescind this decision? Would it be permissible to allow individuals who have elected to take advantage of the "DROP" plan to remain enrolled in the plan, but disallow any future employee to select the "DROP" plan after the date of the rescission of the board?
Your first question involves Act 757 of 1993, which is codified at A.C.A. 24-11-434 (Supp. 1993). This provision establishes the "DROP" plan for police officers. It provides, in pertinent part:
 (a) In lieu of terminating employment and accepting a service retirement pension pursuant to 24-11-401 et seq., any police officer who is a member of a policemen's pension and relief fund who has not less than twenty (20) years of credited service and who is eligible to receive a service retirement pension may elect to participate in the Arkansas Police Officers' Deferred Option Plan and defer the receipt of benefits in accordance with the provisions of this section, provided the local policemen's pension and relief fund board of trustees approves the participation in the plan.
* * *
 (c) The duration of participation in the Arkansas Police Officers' Deferred Option Plan for active police officers shall not exceed five (5) years. At the conclusion of a member's participation in the Arkansas Police Officers' Deferred Option Plan, the member shall terminate employment with all participating municipalities as a police officer and shall start receiving the member's accrued monthly retirement benefit from the policemen's pension and relief fund.
 (d) When a member begins participation in the Arkansas Police Officers' Deferred Option Plan, the contribution of the police officer and the employer contribution shall continue to be paid. Municipal matching contributions for employees who elect the Arkansas Police Officers' Deferred Option Plan shall be credited equally to the policemen's pension and relief fund and to the Arkansas Police Officers' Deferred Option Plan. The monthly retirement benefits that would have been payable had the member elected to cease employment and receive a service retirement shall be paid into the Arkansas Police Officers' Deferred Option Plan account.
These provisions would not, in my opinion, authorize a local police pension board to take the action proposed in your request. Participation in the plan by a police officer appears to be an option for the officer when he has received at least 20 years of credited service and is eligible to receive a service retirement pension. I do not think the provisions contemplate requiring officers to begin participating in the plan as soon as they receive 20 years of credited service and first become eligible for a service retirement pension. Certainly, there is no authority for requiring officers electing to participate in the plan to work an additional five years under a contract, or for returning to them only their contributions to the plan should they fail to complete the five years. The legislation gives an officer the option to participate in the "DROP" plan for up to five years; it does not require him to do so, and there is no indication that anyone who participates in the plan for less than five years is not entitled to receive all the money in his or her "DROP" account.
Your second question concerns the "DROP" plan for fire fighters, passed by Act 1004 of 1993, and codified at A.C.A. 24-11-830
(Supp. 1993). While subsection (a) of 24-11-830 does require the local firemen's pension and relief fund board of trustees' approval of a fire fighter's participation in the "DROP" plan in the first instance, I do not find any authority in the provision for rescission of that approval, once given. I do, however, think it would be permissible for the board of trustees to disallow any future employee to participate in the plan, on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh